**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN J CUNNINGHAM, et al.,** : | |
|          **Plaintiffs,** : | |
| : | |
|    **v.** : | **Civ. No. 18-3355** |
| : | |
| **WAWA, INC., et al.,** : | |
|          **Defendants.** : | |

# O R D E R

Plaintiffs in this ERISA case against their former employer Wawa ask me to preliminarily approve the Parties' proposed Settlement Agreement and to schedule a Fairness Hearing for final approval. Having reviewed the Settlement Agreement, I find it to be fair and reasonable and will thus grant the Motion. Plaintiffs also seek approval of the form and manner of Class Notice, which I will grant.

## I.    Factual Background

Plaintiffs are former Wawa employees who participated in the company's Employee Stock Ownership Plan and contend that amendments made to the Plan in 2014 and 2015 violated the Employee Retirement Income Security Act of 1974. The ESOP, which Plaintiffs describe as "an important part of the compensation package for WAWA employees," grants shares of Wawa stock to individual accounts belonging to ESOP participants. (Am. Compl., Doc. No. 89, ¶ 3.) Before 2014, the ESOP allowed former employees to maintain Wawa stock until the age of 68. (Id. ¶ 4; Mot. to Dismiss, Doc. No. 27, at 6.) Wawa also periodically provided participating employees with a "summary of benefits," which stated, *inter alia*, that "no amendment to the Plan will reduce the benefit you have already earned or divest you of any entitlement to a benefit." (Am. Compl., Doc. No. 89, ¶ 52.)

In 2014, Wawa's Board of Directors approved an amendment directing the Trustee to liquidate any Wawa stock held by a participant whose employment was terminated on or after January 1, 2015.  (Id. ¶ 5; Mot. to Dismiss, Doc. No. 27, at 8.)  The value of that stock was to be transferred to the participant's Wawa 401(k) retirement savings plan account, or distributed elsewhere as specified by the participant. (Mot. to Dismiss, Doc. No. 27, at 8.)  In 2015, the Board approved an additional amendment that directed the Trustee to liquidate any Wawa stock held by any employee who retired or whose employment was terminated *before* January 1, 2015.  (Id. at 9; Am. Compl., Doc. No. 89, ¶ 5.)  Again the value of the stock was to be transferred to that participant's Wawa 401(k) account, or distributed elsewhere as specified by the participant.  (Mot. to Dismiss, Doc. No. 27, at 8.)  Because Wawa stock is not publicly traded, it was appraised each quarter by Columbia Financial Advisors, an outside financial advisor, subject to the Trustee's approval.  (Am. Compl., Doc. No. 89, ¶ 96.)  Plaintiffs allege that the stock was consistently undervalued, thus depriving Class Members of the fair market value of their liquidated stock.  (Id. ¶¶ 92-119.)

Plaintiffs aver that Defendants violated ERISA by instituting the 2014 and 2015 amendments and by undervaluing Wawa stock.

## II.     Procedural Background

On August 8, 2018 Plaintiffs initiated this class action, alleging breach of fiduciary duties and other ERISA violations.  (Doc. No. 1.)  On July 2, 2019, I granted Plaintiffs' Motion to Certify the Class.  (Doc. No. 65.)  Defendants timely appealed that decision.  (Doc. No. 68.)  At the same time, the Parties began mediation.  I denied their request to stay the proceedings pending mediation and ordered them to proceed with discovery.  (Doc. No. 75.)  On December 27, 2019, the Parties indicated that they were actively negotiating a settlement.  (Doc. No. 86.)  The Third Circuit thus

stayed Wawa's appeal of my Class Certification Order, pending settlement, and I stayed this matter.  (Doc. No. 87.)  The Parties subsequently jointly moved for preliminary approval of the Class Settlement Agreement.  (Doc. No. 94.)  The Third Circuit thus extended the stay of the appeal. (Doc. No. 98.)

I will grant preliminary approval of the proposed Settlement Agreement, appoint the Parties' proposed Settlement Administrator, remove this matter from suspense, and schedule a hearing on final approval of the settlement.

### III. Legal Standard

Rule 23(e) requires court approval of any class action settlement. Approval generally proceeds in two steps: (1) preliminary approval and notice to class members; and (2) a fairness hearing.  In re Nat'l Football League Players' Concussion Injury Litig., 301 F.R.D. 191, 197 (E.D. Pa. July 7, 2014).  I "may approve [the settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e).  Final approval under Rule 23(e) is an exacting standard.  To determine whether the settlement is "fair, reasonable, and adequate," I must evaluate:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

In re New Jersey Tax Sales Certificates Antitrust Litig., 750 F. App'x 73, 77 (3d Cir. 2018) (citing Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975)).

At the preliminary approval stage, however, I must determine only "whether 'the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly

preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval.'" In re Nat'l Football League Players' Concussion Injury Litig., 961 F. Supp. 2d 808, 714 (E.D. Pa. Jan. 14, 2014) (quoting Thomas v. NCO Fin. Sys., 2002 WL 1773035, at *5 (E.D.Pa. July 31, 2002)). Preliminary approval is "not simply a judicial 'rubber stamp' of the parties' agreement." Id.

## IV. Discussion

The Parties ask me to: (1) preliminarily approve the proposed Settlement Agreement; (2) modify the Class definition; (3) approve Class Notice; (4) appoint Simpluris as Settlement Administrator; and (5) return this matter to the active docket. I will grant these requests.

**Preliminary Approval**

The proposed Settlement Agreement provides for a payment of $21,612,500, which includes payments to the Class (an estimated $500 per share of liquidated stock) and to Class Counsel, and payments of incentive awards to the Class Representatives. Under the proposed Agreement, Counsel would be permitted to apply for up to 20% of the award amount as counsel fees and up to $175,000 to cover litigation expenses. Counsel will also apply for $25,000 incentive payments for each of the Class Representatives.

In addition to the $21.6 million, Defendants agree to pay settlement administration costs and the cost of an independent fiduciary. Defendants agree to pay $5.25 million into a qualified settlement fund account within 30 days of the Settlement Agreement's execution and the remainder within 30 days of preliminary approval. The proposed Settlement Agreement further directs Defendants to retain an Independent Fiduciary to review and approve the Settlement. The Parties state that the Independent Fiduciary's report will be submitted to the Court before the Fairness Hearing.

The funds will be distributed to each Class Member on a proposed pro rata basis, with an additional 10% allocated to Subclass Members.  Class Members may select whether they prefer to receive a distribution or roll over their allocations to an IRA or similar retirement plan.  For Class Members who do not make an election, the funds will be distributed to the Member's 401(k) account; if the Member does not have a 401(k) account, one will be created for him or her.

The Parties agree to a mutual release with prejudice of all claims relating to the adoption of the 2014 or 2015 amendments and the valuation of ESOP's Wawa stock between 2015 and 2019.

Simpluris is to be appointed Settlement Administrator and shall give Notice to the Class in a form approved by the Court.  Such Notice is to be sent by email or mail within 10 days of preliminary approval.

I am satisfied that the proposed Settlement Agreement meets the relatively lenient standard for preliminary approval.  As the Parties note, they engaged in a full day of mediation and completed the majority of discovery before entering into a settlement, thus permitting a full evaluation of the merits of each Parties' position.  Plaintiff's Counsel also notes that their experts originally valued the claims at between $0 and $77 million dollars for the Class and between $0 and $120 million for the Subclasses.  The current settlement amount falls at the lower end of this range, but given the pending appeal, Counsel suggests that there is a real chance that Plaintiffs will not recover (or will recover only a small amount) if they choose to proceed with the litigation.  Counsel "believed there was substantial risk the Third Circuit would reverse the Court's class certification order at least in part."  (Doc. No. 94-1, at 22.)  Counsel further pointed to uncertainty about whether the Court would accept Plaintiffs' valuation critiques, which could significantly affect the recovery amount.

5

The Parties' Plan of Allocation, which apportions the award amount on a pro rata basis depending on how many Wawa shares a Class Member owned, appears to be fair at this preliminary stage. Finally, the mutual release reasonably applies only to claims arising from the 2014 amendment, 2015 amendment, or valuation of Wawa ESOP stock between 2015 and 2019. In view of these considerations, I have no reason to think that this settlement is not the result of arms-length negotiation, and I see no "obvious deficiencies." In re Nat'l Football League Players' Concussion Injury Litig., 961 F. Supp. 2d 808 at 714.

I will thus approve the Proposed Settlement and schedule a Fairness Hearing for final determination.

**The Class Definition**

As part of the proposed Settlement Agreement, the Parties ask me to modify the Class definition. In July 2019, I certified the Class as:

> All Participants in the Wawa, Inc. Employee Stock Ownership Plan ("Wawa ESOP") with account balances greater than $5,000.00 as of the date that they terminated employment whose accounts were liquidated on or after September 12, 2015 and the beneficiaries of such participants.

I also certified two Subclasses. First, the "retired employees" Subclass consists of:

> All Participant members of the Class who retired between January 1, 2011 and December 31, 2014 except for Participants whose accounts were liquidated due to death, disability or a voluntary request for distribution, and the beneficiaries of such Participants.

Second, the "terminated employees" Subclass consists of:

> All Participant members of the Class who were employed by Wawa and participated in the ESOP before January 1, 2014 and who terminated employment on or after January 1, 2015 except for Participants whose accounts were liquidated due to death, disability or a voluntary request for distribution, and the beneficiaries of such participants.

6

The Parties now ask me to amend the Class definition to exclude certain potential claimants. These are:

> (a) Defendant Trustees and members of the Defendant Committee and their immediate families; (b) the current officers and directors of Wawa and their immediate families; (c) members of the Pfeifer Class; and (d) these individuals' legal representatives, successors, heirs, and assigns… For purposes of the Settlement, "current officers and directors of Wawa" who are excluded will mean any person who was an officer or director of Wawa at any time from the date that this lawsuit was filed through the date of judgment.

Additionally, the Parties ask me to establish an end-date for the Class, adjusting the Class definition as follows:

> All Participants in the Wawa, Inc. Employee Stock Ownership Plan ("Wawa ESOP") with account balances greater than $5,000.00 as of the date that they terminated employment whose accounts were liquidated between September 12, 2015 ***and December 31, 2019***, and the beneficiaries of such participants. (emphasis added)

I may amend my Class Certification Order at any time before a final judgment is entered. Fed. R. Civ. P. 23(c)(1)(C); Hargrove v. Sleepy's LLC, 974 F.3d 467, 470 (3d Cir. 2020). Any settlement class must meet the criteria laid out in Rule 23, however. Id. I am satisfied that the proposed amended Class definition does so. The proposed amendments merely exclude a subset of individuals who are differently situated from other Class Members, as well as individuals whose interests were litigated in Pfeifer v. Wawa, Civ. No. 16-497, and provide an end date for clarity. These changes do not undermine the suitability of the Class. See Fed. R. Civ. P. 23(a) (prerequisites for class certification); (Order Certifying Class, Doc No. 65.) As the Parties note, I already approved the exceptions in the discussion portion of my Class Certification Order but not the concluding Order portion. Accordingly, I will now explicitly adopt the Parties' proposed exceptions to the Class definition as well as the proposed Class end date.

**Class Notice and Settlement Administrator**

Class notice must be given in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Additionally, notice comports with due process only if it is "reasonably calculated under all the circumstances[] to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 477 (E.D. Pa. 2007). Accordingly, "notice must inform class members of (1) the nature of the litigation; (2) the settlement's general terms; (3) where complete information can be located; and (4) the time and place of the fairness hearing and that objectors maybe heard." Id.

I am satisfied that the Parties' proposed Notice meets these standards. The Parties propose to send Class Notice by email or first-class U.S. mail at least two months prior to the Fairness Hearing. Defendants already have addresses on file for each Class Member, as well as social security numbers should any Member's address have changed. The Parties ask that I schedule a Fairness Hearing no sooner than 80 days after the date of this Order, to ensure that Class Members can be timely apprised of the Hearing. I am also satisfied that the proposed Notice clearly identifies the nature of the litigation, settlement terms, where more information can be found (a dedicated website), and the date, time, and location of the Fairness Hearing. (See Proposed Notice, Doc. No. 94, Ex. 2.)

I am also satisfied that Simpluris is qualified to administer the settlement process. (See "About Simpluris," Doc. No. 94, Ex. 3.)

**V.     Conclusion**

I will grant the Parties' Motion for Preliminary Settlement Approval in full.

**AND NOW**, this 18th day of November, 2020, upon consideration of the Parties' Joint Motion for Preliminary Approval (Doc. No. 94), it is hereby **ORDERED** as follows:

1. The **CLERK OF COURT** shall **REMOVE** this matter from the civil suspense docket, and return it to the active docket.

2. My July 2, 2019 Class Certification Order (Doc. No. 65) is modified as follows:

    a. The Class is hereby defined as follows:

        i. All Participants in the Wawa, Inc. Employee Stock Ownership Plan ("Wawa ESOP") with account balances greater than $5,000.00 as of the date that they terminated employment whose accounts were liquidated between September 12, 2015 and December 31, 2019, and the beneficiaries of such participants.

    b. Excluded from the Class (and Subclasses) are: (a) Defendant Trustees and members of the Defendant Committee and their immediate families; (b) the current officers and directors of Wawa and their immediate families; (c) members of the Pfeifer Class; and (d) these individuals' legal representatives, successors, heirs, and assigns.

    c. For purposes of the Settlement, "current officers and directors of Wawa" who are excluded will mean any person who was an officer or director of Wawa at any time from the date that this lawsuit was filed through the date of judgment.

3. The Parties' Joint Motion for Preliminary Approval of the Settlement Agreement (Doc. No. 94) is **GRANTED**.

4. A hearing on Final Class Settlement Approval is **SCHEDULED <u>for February 25, 2021 at 9:00 a.m. in Courtroom 8A.</u>**

5. Parties should be aware that this date is subject to change. For information about Court operations, Parties are advised to periodically consult the Court's Covid-19 website, available at https://www.paed.uscourts.gov/response-to-covid-19.

6. The Proposed Notice of Class Action Settlement is **APPROVED**.

7. Simpluris is **APPROVED** as class action Settlement Administrator. The Parties shall promptly execute an engagement letter.

8. Simpluris shall issue **NOTICE** of the Proposed Settlement to all Class Members on or before November 30, 2020.

9. Simpluris shall also post the Class Notice, any Election Forms necessary for a Class Member to request a distribution from the ESOP or the 401k Plan and other information about the Settlement on the following website: www.wawasettlement.com, or another appropriate URL. The website will contain at least the following documents and information: (a) the operative Complaint; (b) the Settlement Agreement; (c) the Order Granting Class Certification; (d) the Motion & Memorandum in Support of Preliminary Approval; (e) Class Counsel's Motion & Memorandum for Fees and Expenses (when made); (f) the Motion & Memorandum in Support of Class Representative Service Awards (when made); (g) the Class Notice; (h) any orders of this Court related to the Settlement; (i) the current Election Form(s) necessary to elect a distribution from the Wawa ESOP and the Wawa 401k Plan; (j) the contact information (including telephone numbers) for the Settlement Administrator, the Plan Administrator, and Co-Lead Class Counsel; (k) the date, time and location of the Final Approval Hearing and (l) any updates regarding the distribution of the Net Settlement Fund to the Class. The Settlement Administrator will maintain the documents and information on the website for at least one year after the time that Final Approval is entered or that all appeals are resolved, whichever is later. On or before January 8,

2021, the Settlement Administrator will file a declaration with the Court confirming that the Class Notice, the Election Forms and any other information required by the Settlement or the Plan of Allocation were sent in accordance with this Order.

10. Defendants shall **PROVIDE** Plaintiffs and Simpluris with contact information for any Class Member for whom they have not already done so.

11. Any Class Member who wishes to object to this Settlement, the proposed Plan of Allocation, the Request for Class Representative Service Awards or Class Counsel's motion for attorneys' fees or expenses or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than January 12, 2021. The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector, the Objector's status in the Plan (e.g. participant, beneficiary, or Alternate Payee) and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement, including any supporting papers and arguments; (c) the signature of the Objector (or his or her attorney). Any Class Member who fails to make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

12. Any Class Member who wishes to challenge his or her ESOP account data (the number of Wawa shares allocated to the Class Member's ESOP as of the date of its forced liquidation) must submit a challenge and supporting documentation to the Settlement Administrator and any such submission must bear a postmark that is on or before January 12, 2021. Any such challenge must set forth the identity of the participant or beneficiary making the challenge and set forth sufficient evidentiary basis to show that the data provided by Defendants is incorrect.

13. The Settlement Administrator shall complete its recommended determination(s) as to the accuracy of the account data based on the challenges by any Class Members (or potential Class Members) and submit its recommendation(s), with an explanation and supporting evidence, to the Court on or before February 4, 2021.

14. The Settlement Fund will be deemed and considered to be in custodial egis of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

15. Class Counsel will file any Motion for Attorneys' Fees, Costs, and any motion for Class Representative Service Awards no later than December 29, 2020.

16. Co-Lead Class Counsel will file a Motion for Final Approval of Settlement no later than February 11, 2021.

17. The Parties shall abide by all terms of the Settlement Agreement.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
**Diamond, Paul, J.**